IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 07-00115-001-CG |
| | ) | |
| ALFONIZA ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 136).

Effective November 1, 2014, the United States Sentencing Commission enacted Amendment 782 to the United States Sentencing Guidelines. In general, that Amendment operates to reduce the guideline ranges for drug trafficking offenses. The Commission has deemed this amendment to apply retroactively. See U.S.S.G. § 1B1.10(d). Through his motion, defendant seeks to have the Court apply this modified Guidelines scheme to his sentence. Pursuant to 18 U.S.C. § 3582(c)(2), the Court is empowered to reduce defendant's sentence under these circumstances. See generally United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) ("amendments claimed in § 3582(c)(2) motions may be retroactively applied solely where expressly listed under § 1B1.10(c).")[1]

---

[1] Section 1B1.10(c) has been renumbered as § 1B1.10(d) by Amendment 782.

After review of the motion and all relevant factors prescribed by § 1B1.10 and Application Note 1(B) to same, the Court has determined that a reduction of sentence based on the amended Guideline range is **not** permitted in this case. Defendant's original Guideline range was 360 months to Life on Count One, and the Court imposed a variance sentence of 260 months on that Count[2], which constituted a 27.78% reduction from the low end of the Guideline range.

Pursuant to U.S.S.G. §1B1.10(b)(2)(A), the Court shall not reduce the defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this section. According to the revised Guidelines calculation prepared by the United States Probation Office, defendant's amended Guideline range is 262 to 327 months after retroactive application of Amendment 782. The low end of the amended Guideline range is thus higher than the sentence originally imposed.

The only exception to this limitation is if the defendant's original sentence was below the minimum of the applicable Guideline range due to the granting of a Government motion for downward departure for substantial assistance. See §1B1.10(b)(2)(A) and Application Note 3. That exception is not applicable here, as the defendant's original sentence was below the Guideline range due to a variance and not due to a motion for downward departure for substantial assistance.

The Court therefore finds that the defendant is not eligible for a reduced

---

[2] The defendant was also sentenced to 60 months on Count Five, to run consecutively to the sentence imposed on Count One. The sentence on Count Five is not affected by Amendment 782.

sentence pursuant to Amendment 782.

**DONE** and **ORDERED** this 2nd day of April, 2015.

/s/   Callie V. S. Granade
UNITED STATES DISTRICT JUDGE