IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALFONIZA ANTONIO ROGERS, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | CRIMINAL NO. 07-000115-CG-B |
| | * | CIVIL ACTION NO. 16-00296-CG-B |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Alfoniza Antonio Rogers' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 139), and the Government's Response in Opposition (Doc. 141). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.[1] Having carefully reviewed the record, the undersigned finds that no evidentiary hearing is necessary for the disposition of this matter.[2] Upon consideration, the undersigned hereby recommends that Rogers' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be **DENIED**, that this action be **DISMISSED**,

---

[1] The Honorable Senior United States District Judge Callie V.S. Granade presided over the proceedings in this action. The undersigned has reviewed Rogers' motion and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge Granade.

[2] A district court is not required to hold an evidentiary hearing for patently frivolous claims, claims which are based upon unsupported generalizations, or claims that are affirmatively contradicted by the record. Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989).

and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Alfoniza Antonio Rogers. The undersigned also recommends that should Rogers file a certificate of appealability, it should be denied as he is not entitled to appeal *in forma pauperis*.

## I. PROCEDURAL BACKGROUND

On August 22, 2007, Rogers entered a plea of guilty to one count of conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846 (count 1) and one count of using, carrying, or possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count 5). (Doc. 51). Rogers was sentenced to 260 months imprisonment as to count 1, and 60 months imprisonment as to count 5, to be served consecutively. Rogers also received 8 years of supervised release as to count 1 and 5 years of supervised release as to Count 5, to be served concurrently. (Doc. 83). He appealed this judgment, and on June 25, 2008 the Eleventh Circuit Court of Appeals entered an Order of Dismissal based on the valid appeal waiver contained in Rogers' plea agreement. (Doc. 116).

Rogers filed the instant Motion to Vacate under 28 U.S.C. § 2255 and Memorandum in Support on June 7, 2016[3]. He alleges that

---

[3] Under the mailbox rule, absent contrary evidence, a prisoner's motion is

his career offender status should be vacated pursuant to the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2251 (2015) and Welch v. United States, 2016 WL 1551144 (2016). (Doc. 139). In its response in opposition, the Government argues that the above-referenced cases are not applicable to Rogers' sentence because he was not sentenced under the residual clause at issue in Johnson. (Doc. 141). Although afforded an opportunity to file a reply, Rogers has not done so. This motion is now ripe for review.

## II. HABEAS STANDARD

The limited scope of habeas relief is well established, as this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a [] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack . . . A defendant is, of course, entitled to a hearing of his claims, but not

---

deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). (See Doc. 139 at 4).

3

to duplicate hearings. The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

United States v. Evans, 2008 U.S. Dist. LEXIS 59836, *8-9 (S.D. Ala. August 4, 2008) (quotation marks in original).

### III. DISCUSSION

Rogers raises a single claim in his petition for relief – the Court erred in enhancing his sentence as a career offender pursuant to the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2251 (2015), which was made retroactive in Welch v. United States, 2016 WL 1551144 (2016). (Doc. 141). Upon review, the Court finds Rogers' argument is without merit. (Doc. 78).

In his Motion to Vacate and supporting Memorandum of Law, Rogers claims that the Court erred in using the career offender enhancement in sentencing him because the residual clause of the Armed Career Criminal Act ("ACCA") was ruled void for vagueness by the Supreme Court in Johnson. (Doc. 139). However, Johnson is inapplicable to the instant case.

If a violator has three or more earlier convictions for a "serious drug offense" or "violent felony", the ACCA increases his or her prison term to a minimum of 15 years. 18 U.S.C. § 924(e)(1). "Violent felony" is defined as:

"any crime punishable by imprisonment for a term exceeding one year… that –

4

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of injury to another*.

18 U.S.C. § 924(e)(2)(B)(emphasis added). The italicized portion is known as the residual clause, and is the provision at issue in Johnson. See Johnson, 135 S. Ct. at 2555-2556. The Supreme Court held that this residual clause denies fair notice to defendants and invites arbitrary enforcement by judges; therefore, increasing a defendant's sentence under the clause denies due process of law. Johnson, 135 S. Ct. at 2557.

In this case, Rogers' sentence was not enhanced pursuant to the residual clause in 18 U.S.C. §924(e). As noted *supra*, Rogers was sentenced to 260 months imprisonment on the drug conspiracy conviction, and was sentenced to a mandatory consecutive 60 month sentence as a result on his conviction for possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(C)(1)(A). (Doc. 78). Section 924(c)(1)(A) provides an enhanced penalty for defendants who possess a firearm during any crime of violence *or drug trafficking crime*. (Emphasis added). Because Rogers was not sentenced under 18 U.S.C. §924(e), Johnson does not apply to his sentence. Accordingly, his claim fails.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1064, 146 L.Ed.2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying

constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983)), includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.")(internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

Rogers' petition does not warrant the issuance of a Certificate of Appealability. Reasonable jurists could not debate whether Rogers' claims should be resolved in a different manner or that Petitioner deserves to proceed further. The recommendation that Rogers' claim be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of his claim on the record presented. As a result, Rogers is not entitled to a certificate of appealability, and consequently, he

should not be permitted to proceed *in forma pauperis* on appeal.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 139) be **DENIED,** that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Alfoniza Antonio Rogers. The undersigned Magistrate Judge further opines that Rogers is not entitled to issuance of a Certificate of Appealability.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of [28 U.S.C. § 636(b)(1)](#) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences

on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **29th** day of **August, 2017.**

                                            **/s/ SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**